FILED IN MY OFFICE
DISTRICT COURT CLERK
8/31/2016 9:26:11 AM
Marion Payton
Perfy Jasper

STATE OF NEW MEXICO
COUNTY OF QUAY
TENTH JUDICIAL DISTRICT COURT


MAGGIE VENTURES, L.L.C.,
A NEVADA LIMITED LIABILITY
COMPANY,

                              Plaintiffs,

vs.

CITY OF TUCUMCARI,

By and through its MAYOR

ROBERT LUMPKIN

AND

ITS POLICE OFFICERS, IN THEIR
OFFICIAL CAPACITY,
  - CHIEF JASON BRAZIEL
  - DEPUTY CHIEF, PETE
    RIVERA
  - SGT. PATRICIA LOPEZ
  - SGT. PAUL BELL                       D-1010-CV-2016-00091
  - SGT. BRIAN HOLMES
  - OFFICER MICHAEL RAY
                    Defendants.     No._D-1010-201600_____
                                    Judge: Albert J. Mitchell, Jr.


## PLAINTIFF'S VERIFIED COMPLAINT
## FOR 1983 VIOLATION OF CIVIL RIGHTS AND NEGLIGENCE

COMES NOW, Plaintiff, Maggie Ventures, L.L.C., a Nevada Limited Liability

Company, by and through its attorneys, Queener Law Firm, P.C. (Richard L. Queener) and for

its Complaint for violation of its civil and constitutional rights and for damages resulting from

property damage proximately caused by the negligence in hiring, supervision and retention of

Officer Dustin Lopez by the City of Tucumcari, New Mexico, Tucumcari Police Department,

Chief Jason Braziel, Deputy Chief Pete Rivera, Sgt. Patricia Lopez, Sgt. Paul Bell, Sgt. Brian

Holmes and other supervisors of the Tucumcari Police Department, Including under the New Mexico Tort Claims Act, and would state:

## A. JURISDICTION, VENUE and PARTIES

1.    This Court has jurisdiction over this lawsuit under 42 U.S.C. §1983 and §1988. Also under the New Mexico Constitution, Article II, §4 as well as negligence in hiring, supervision and retention of Officer Dustin Lopez (hereinafter "Dustin"), as authorized by NMSA 41-4-4(B)(1) and (2) (waiving immunity based on the violation of property rights under the United States Constitution and New Mexico Constitution.) Also, based on the New Mexico Tort Claims Act §41-4-12.

2.    2.1    Under NMSA 41-4-16 (1978) Plaintiff gave notice to the City of Tucumcari by letter dated December 18, 2014 addressed to Mayor Robert Lumpkin, United States Certified Mail, Return Receipt Requested number: 7009 0080 0001 3119 1024.

    2.2    On August 18, 2016 Plaintiff sent an amended notice to the City of Tucumcari by letter dated August 18, 2016 addressed to Mayor Robert Lumpkin, United States Certified Mail, Return Receipt Requested number: 7160 3901 9848 5591 8790.

3.    Venue is mandatory in Quay County, New Mexico. Under 42 U.S.C. §1983 and the New Mexico Tort Claims Act as all of the events or omissions occurred in Quay County, and upon information and belief all natural persons reside in Quay County and are employed by the City of Tucumcari (City). The City is a person under 42 U.S.C. §1983 whose municipal residence is in Quay County.

4.    Plaintiff, Maggie Ventures, L.L.C. (hereinafter, "MAGGIE") is a Nevada Limited Liability Company, active and in good standing with the New Mexico Secretary of State as a

Foreign Limited Liability Company, which owns certain real property in Quay County, New Mexico and more specifically within the city limits of Tucumcari, New Mexico.

5.       Defendant, City of Tucumcari is a municipal corporation who may be served with process at its address at is 215 East Center Street, Tucumcari, New Mexico 8840.

6.       The Tucumcari Police Department (hereinafter "TPD") is a department of the City, managed by Defendant, Chief Jason Braziel, Deputy Chief Pete Rivera, and in which Sgt. Patricia Lopez, Sgt. Paul Bell and Sgt. Brian Holmes are all supervisors. These Officers may be served with process at their address at the TPD, 206 East Center Street, Tucumcari, New Mexico 88401.

## B. GENERAL FACTUAL ALLEGATIONS

7.       Upon information and belief and to be verified by discovery, the City and TPD retains with their care, custody, control and possession information (i.e., files) concerning the following facts, policies and procedures promulgated by the City and TPD including those that are contained in the Standard Operating Procedures (hereinafter "SOP"), personnel records, correspondence and investigation files.

8.       Such files contain each officer's law enforcement commission, certifications and re-certifications, discipline files and the relevant policies, procedures, rules and regulations concerning specific police duties, as well as investigation reports concerning complaints, witnesses, and supporting factual information known to the TPD at all times relevant herein.

9.       The City promulgates polices and procedures, including by or though it's Chief of Police, that is necessary for the employment of its police officers. As such, during the period of time relevant to this Complaint, Mayor, Robert Lumpkin was a policy maker for the City, and was charged with exercising direct supervisory control over all its Chief of Police, Jason Braziel.

10.    The SOPS (also called a General Orders Manual) along with any special orders, or directives issued by the Chief of Police, as authorized by the City of Tucumcari, are in full force and effect from the date promulgated until rescinded or amended by the City and/or the Chief.

11.    Defendant, City of Tucumcari (hereinafter "the City") is responsible for the hiring, training, supervision, investigation, discipline and retention of its police officers and supervisors both on and off duty.

12.    Defendant, Chief of Police, Jason Braziel (hereinafter "Chief Braziel") is responsible for the efficient conduct and operation of TPD, and upon information and belief, all hiring, training, supervision, investigation, discipline and retention of TPD officers.

13.    Adherence to the standard TPD procedures and orders by TPD officers and personnel is mandatory.

14.    At all times relevant herein, the Chief of Police had a duty to promulgate and enforce, through training and proper supervision, policies and procedures that would guarantee to the Citizens of Tucumcari procedural and substantive due process and equal protection of the laws of the United States Constitution by and through the 14th Amendment, and of the New Mexico Constitution, by Article II, Section 4.

15.    At all times relevant herein, the City and its Chief Braziel had a duty to not engage or condone ultra vires acts in violation of the New Mexico Tort Claims Act, or that were otherwise of an unconstitutional nature undertaken with deliberate indifference of the rights of Plaintiff, including as an unconstitutional exercise of police power.

16.    The City and Chief Braziel were under a duty (as to self enacting constitutional provisions) to promulgate and enforce sufficient rules to protect Constitutional rights, civil liberties, or other rights, and to permit the enforcement of the duty imposed by law.

17.     At all relevant times, Chief Braziel, Deputy Chief Pete Rivera, Sgt. Patricia Lopez, Sgt. Paul Bell and Sgt. Brian Holmes and the City were responsible enforcing the regulations and SOP's of TPD and for ensuring that TPD Officer Dustin Lopez (hereinafter Officer Lopez) and his superiors obeyed the laws of the State of New Mexico and the United States.

18.     At all relevant times, Defendants, Chief Braziel and upon information and belief Officer Lopez's supervisors were TPD police officers and were acting in such capacity as the agents, servants, and employees of the TPD and the City.

19.     At all times relating to this suit and upon information and belief, the Police Chief, Deputy Chief, Sergeants and other Officers within the Tucumcari Police Department were commissioned police officers for the Tucumcari Police Department acting within the scope of their duties.

20.     At all times relevant to this case including their actions described herein, Defendants were acting under color of law and pursuant to their authority as certified police officers.

21.     Upon information and belief and subject to discovery, all officers are required to carry their commission cards at all times and encouraged to carry their badge and back-up weapon even when off duty.

22.     MAGGIE had a state and federal constitutional right to be free from deprivations of constitutional rights committed against it with deliberate indifference by the City or any of its agents acting within the course and scope of their employment and duties.

23.     MAGGIE had a state and federal constitutional right to be free from unconstitutional policies and procedures whether written or unwritten, or in their enforcement, either as to procedural or substantive due process, or equal protection or enforcement of the laws.

24.     MAGGIE had a state and federal constitutional right to be free from an unconstitutional taking of its property by the City and its TPD.

25.     At all times relevant herein, the City and TPD adopted, or otherwise ratified an unwritten policy or procedure to violate their policies and procedures, including as to Nepotism in the instance of the hiring, supervision, and retention, including as to Officer Lopez.

26.     By operation of law, the City and TPD and its employees and policy officers owed MAGGIE the following duties:

25.1 To not engage in unlawful or illegal activity as defined or prohibited by the Constitution, laws, statutes, and case made laws of the United States or the State of New Mexico that infringes on MAGGIE's constitutional rights;

25.2 To not institute, nor implement any unconstitutional policy or procedures, including those policies or procedures that result in deliberate indifference violations of MAGGIE'S constitutional rights;

25.3 To not engage in *ultra vires* conduct, not reasonably related to any legitimate governmental activity or purpose, including for which exercise of police power is designed to justify any *ultra vires* or unconstitutional conduct that infringes on MAGGIE'S  constitutional rights.

27.     The City and TPD owed MAGGIE an ordinary standard of care not to infringe on its constitutional rights, and to follow proper procedures, policies and laws intended for the safety of the public and citizens of Tucumcari, including its conducting of investigations to detect crime.

28.     The City and TPD violated its policies and procedures, including as to nepotism in the hiring of Officer Lopez when Sgt. Patricia Lopez was his Aunt.

29.     At various times, Sergeant Lopez had direct supervision over Officer Lopez and a duty to investigate or report his conduct that violated policy, procedures or the law.

30.     Proper pre-hiring investigation, including by standard psychological testing would have revealed that Officer Lopez was not qualified to be a police officer including due to alcoholism, and mental disorders.

31.     The City's nepotism policy also precluded the hiring of Officer Lopez.

32.     The City and TPD had a long–standing unwritten *ultra vires* policy to ignore the nepotism policy in its hiring practices.

33.     The City and TPM had a long–standing unwritten *ultra vires* policy to show favoritism to employees hired in violation of its nepotism policy as to supervision and discipline, including as to infractions requiring termination or suspension.

34.     In violation of City and TPR polices, procedures, rules or regulations (orders) Officer Lopez was hired.

35.     The City and TPD had a long–standing unwritten ultra vires policy to punish any supervisory officer who attempted to discipline or report Officer Lopez for untoward or unlawful conduct. Punishment means a hostile work environment and unjustified discipline.

36.     The City and TPD acted consistent with its ultra vires policies for employees hired in violation of the nepotism policy to suppress adverse reports of Officer Lopez's conduct by rank and file TPD officers.

37.     After being employed as a TPD police officer, Officer Lopez was not disciplined for infractions, including uniform policy, drinking alcohol while on duty, insubordination, disorderly conduct, aiding and abetting a known felon to avoid arrest, aiding and abetting a probationer to avoid arrest for probation violation, and other conduct unbecoming a police officer.

38.     The City and TPD acted in conformity with its unwritten policy to not discipline Officer Lopez, which policy was carried out by and through its Mayor and Chief of Police and the supervisory Defendants Riviera, Bell, Lopez and Holmes.

39.     The City and TPD violated its policies, procedures and rules in not terminating Officer Lopez for his disqualification to be an officer.

40.     The City and TPD violated its policies, procedures and rules in not properly supervising, and in retaining Officer Lopez considering his serious violations of policies, procedures, rules and criminal conduct mandated his suspension or termination.

41.     Consistent with its unwritten and *ultra vires* policy as to Officer Lopez, City manager (Bobbye Rose) prohibited Police Chief, Roger Hatcher from issuing Officer Lopez a written reprimand for insubordination and further prohibited Chief Hatcher from placing derogatory remarks in Officer's Lopez's personnel file.

42.     Corporal Dennis Garcia observed and reported disturbing the peace at a party and associating with known felons by Officer Lopez's for conduct unbecoming an officer, which reporting did not result in discipline or termination from the TPD.

43.     The City's and TPD's unwritten policies and procedures arising out of negligent hiring as to nepotism lead to a culture of indifference whereby supervisors and other officers came to ignore or not report the conduct of Officer Lopez, including investigating him for crimes within their knowledge, or within the exercise of due diligence should have been discovered.

44.     On or about February 3, 2014 MAGGIE purchased the property known as the Payless Inn located at 2000 West Tucumcari in Tucumcari, New Mexico.

45.     In May of 2014, Larry Phillips and Marla Phillips, managing members of MAGGIE visited Tucumcari and met with personnel at the Tucumcari Police Department including Officer

Lopez to alert them that the property was vacant and request its monitoring until renovations could be started.

46.   Around midnight on the 3rd of September 2014, a group of people including Officer Lopez, Dani Martinez and Robert Sandoval were in attendance at a party at 520 N. 4th Street in Tucumcari, New Mexico.

47.   Jeremy Hawkins and Daniella Pacheco were at the party.

48.   The TPD knew, as did Officer Lopez that Jeremy Hawkins was on probation at the time of the party.

49.   The TPD knew, as did Officer Lopez that Daniella Pacheco was subject to arrest on an outstanding warrant.

50.   While at the party Officer Lopez informed Daniella Pacheco that she had a warrant out for her arrest and contrary to law and TPD policies and procedures did not arrest her.

51.   While at the party Robert Sandoval and Officer Lopez set fire to the house next door located at 524 N. 4th Street.

52.   Jeremy Hawkins and Raul Vargas witnessed Officer Lopez and Sandoval setting the fire

53.   The first responders from the TPD to the fire at 524 N. 4th Street were Officer Michael Ray and Sgt. Patricia Lopez.

54.   As a result of the 4th Street fire not being properly investigated due to the presence and involvement of Officer Lopez and his relative Sgt. Lopez, Officer Lopez and Robert Sandoval were at liberty to set fire to the Payless Inn located at 2000 West Tucumcari Blvd shortly later in the early morning hours of September 3, 2014.

55.   The Payless Inn was totally destroyed.

56.     Tucumcari Fire Department received notification of the fire at the Payless Inn at 2:34 a.m.

57.     Investigation by the New Mexico State Police determined that Officer Lopez, his girlfriend, Dani Martinez and Robert Sandoval started the fire that destroyed the Payless Inn.

58.     On July 24, 2015 Officer Lopez pleaded guilty to committing the arsons, was convicted of Arson (over $20,000), Conspiracy to Commit Arson (over $2,500) and two counts of Breaking and Entering resulting in state jail time.

59.     All persons enjoy the privileges, immunities, and protections as guaranteed by Art. 2, §4 NEW MEXICO CONSTITUTION which include the right of enjoying and using their property free from unwanted governmental taking by the unconstitutional exercise of police powers.

60.     But for the City and TPD's negligent hiring, suppression of supervision and discipline of Officer Lopez MAGGIE's constitutional right to enjoy and use its real property would not have been infringed.

61.     All conditions precedent necessary to bringing this cause have occurred, have been performed or have been waived.

62.     The City and TPD's policy, practices or procedures are unconstitutional in the following respects:

> a. The exercise of police power is arbitrary as contrary to policy, procedure, and law;
>
> b. The exercise of police power, including its implementation or enforcement, violated due process;

63.     It was necessary for Plaintiff to hire counsel to represent them. As a prevailing party Plaintiff is entitled to recover from Defendants' their reasonable attorney fees as provided for by 42 U.S.C. §1988 as to each Defendant, jointly or severally.

64.     Under 42 U.S.C. §1983 Plaintiff sues for violation of and deprivation of its rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Such deprivations were proximately caused by police officers acting within the scope of their duties under color of law arising out of ongoing practices, or customs having the effect of written unwritten policy by the City, the final policy making authority, including violation of the City's nepotism policy, negligent hiring of Dustin, its failure to investigate and discipline Dustin by its long standing acquiescence in unconstitutional practices. The City has been aware of its long standing patterns of conduct by superior officers that violated Plaintiff's civil rights. As a final decision maker, the City's failures to investigate, discipline, train or properly supervise establishes the City's true policy as one condoning such acts and violating Plaintiff's right to equal protection under the law of due process by failing to enforce the City's own policies or the laws of the state of New Mexico or the United States.

## TORT CLAIMS ACT VIOLATION

65.     The allegations contained in each of the other paragraphs herein are hereby incorporated by reference, as if fully set forth herein.

66.     The public's interest in public safety takes place through the policies and procedures promulgated by the City of Tucumcari by and through it Police Chief, Jason Braziel, to protect and serve the citizens of Tucumcari.

67.     The City of Tucumcari and its Police Department have a duty to conduct its police activities consistent with public policy by promulgating proper policies and procedures to supervise, train and retain employees.

68.     Defendants breached that duty when they hired Officer Lopez, failed to supervise Officer Lopez and failed to terminate his employment because he was a clear and present danger to pubic safety, because as an officer of the TPD his conduct was contrary to policies, procedures and the law necessary to protect the public from persons such as him.

69.     Defendants breached that duty when they failed to investigate Officer Lopez for his criminal conduct that endangered public safety.

70.     Upon information and belief and subject to discovery, Defendants failed to follow police department policy and perform proper periodic evaluations of Officer Lopez whereby a reasonable prudent City, police chief, and supervisory personnel under the same or similar circumstances, and in the exercise of due diligence would have never hired or retained Officer Lopez as a law enforcement officer.

71.     Officer Michael Ray and Sgt. Patricia Lopez both failed to act as reasonably prudent officers by failing to do the minimal investigation at the scene by failing to interview the party attendees who had a clear view of the criminal activities of Dustin and Robert Sandoval in setting fire to the house next door.

72.     Upon information and belief and to be verified by discovery, both Officer Michael Ray and Sgt. Patricia Lopez actions in not investigating the fire as an act of arson was consistent with the long standing unwritten policies and procedures of the City of Tucumcari's Mayors office, City Manager's Office and the Chief of Police in not investigating the untoward and unlawful conduct of Officer Lopez.

73.     The presence of Officer Lopez at the party put Officers Ray and Sgt. Patricia Lopez on notice to act consistent with the City's and Chief of Police' unwritten policies to not investigate the conduct of Officer Lopez.

74.     But for the City and TPD's ultra vires policies, as enforced by Defendant supervisory officers Braziel, Rivera, Bell, Lopez and Holmes, Officers Ray and Lopez would have investigated the 4th street arson.

75.     That investigation by Officers Lopez and Ray would have shown a crime was committed resulting in probable cause to detain or arrest of Officer Lopez that night and before he could start the Payless Inn fire.

## COUNT I
## 42 U.S.C. §1983 CIVIL RIGHTS VIOLATION

76.     The allegations contained in each of the other paragraphs herein are hereby incorporated by reference, as if fully set forth herein.

77.     The City of Tucumcari and its Police Department had a duty to not engage in any conduct that would violate the federal or state constitutional rights of MAGGIE.

78.     The Chief of Police acted with conscious indifference to the rights of the citizens of Tucumcari and MAGGIE under the United States and New Mexico Constitutions when he enforced unwritten policy to not hire, or properly supervise, or properly discipline and otherwise retain Officer Lopez.

79.     The City of Tucumcari, by and through its Mayor and City Manager acted with conscious indifference to the rights of the citizens of Tucumcari under the United States and New Mexico Constitutions when he enforced unwritten policy to not supervise, discipline and otherwise retain Officer Lopez.

80.     Defendants Rivera, Bell, Lopez and Holmes acted with conscious indifference to the rights of the Plaintiffs under the United States and New Mexico Constitutions when they enforced unwritten policy to not supervise discipline and otherwise retain Officer Lopez.

81.     But for the unwritten policies Officers Ray and Sgt. Lopez would have performed their oath of office to enforce the laws of New Mexico, resulting in the arrest of Officer Lopez.

82.     Defendants acted with conscious indifference to their written policies and procedures to properly hire, supervise, train and retain Officer Lopez which deliberately indifferent conduct deprived MAGGIE of its constitutional right to enjoy and use its property.

83.     The taking of MAGGIE's property was foreseeable as the direct result of Defendants abuse of their police power.

84.     Defendants acted with deliberate conscious indifference of the constitutional rights of Maggie by promulgating and enforcing ultra vires policies that proximately caused Officer Lopez to remain free to set the fire which destroyed Plaintiff's property.

85.     WHEREFORE, Plaintiff respectfully requests damages in an amount to be found by the jury for the deliberate indifference to the constitutional rights of Plaintiff resulting in the loss of the Payless Inn, including necessary and reasonable attorney fees and costs, and an award of such other relief as this Court deems proper.

## COUNT II
## NEGLIGENCE

86.     The allegations contained in each of the other paragraphs herein are hereby incorporated by reference, as if fully set forth herein.

87.     The City and TPD violated their nepotism policy in hiring Officer Lopez.

88.     They City and TPD violated their duty to retain Officer Lopez.

89.     Defendant Officers named herein violated their duty to properly supervise, discipline, investigate, arrest and recommend the termination of Officer Lopez.

90.     The manner and means by which the violation of these duties occurred, singularly as well as in combination, naturally and foreseeably lead to the destruction of Plaintiff's Payless Inn property.

91.     But for the negligent manner and means by which all Defendants conducted their duties owed to Plaintiffs, Officer Lopez would not have destroyed the Payless Inn property.

92.     **WHEREFORE**, Plaintiff respectfully requests damages in an amount to be found by the jury for the Defendant's negligence resulting in the loss of the Payless Inn, including necessary and reasonable attorney fees and costs, and an award of such other relief as this Court deems proper.

Respectfully Submitted,
QUEENER LAW FIRM, P.C.

/s/ Richard Queener
Richard L. Queener
1304 Pile Street
Clovis, New Mexico 88101
Telephone: (575) 935-9400
Telecopier: (575) 935-9401
*Attorney for Plaintiff*
*Maggie Ventures, L.L.C.*

STATE OF  Nevada        )
                        )ss.        VERIFICATION
COUNTY OF  County       )


    THE UNDERSIGNED, of lawful age and after having been duly sworn upon oath, states that the undersigned is a party to the above entitled cause of action; the undersigned has read the foregoing pleading; knows the contents thereof and the fact and statements therein contained are true and correct to the best of the undersigned's knowledge and belief.

                                    THE UNDERSIGNED

    SUBSCRIBED AND SWORN TO before me, the undersigned Notary Public, on this ____ day of August, 2016, by the above named undersigned.

> JORGE GONZALEZ
> NOTARY PUBLIC
> STATE OF NEVADA
> My Commission Expires: 4-1-2020
> Certificate No: 18-2340-1

                                    NOTARY PUBLIC

My Commission Expires:

STATE OF NEW MEXICO
COUNTY OF QUAY
TENTH JUDICIAL DISTRICT COURT

MAGGIE VENTURES, L.L.C.,
A NEVADA LIMITED LIABILITY
COMPANY,

                                        Plaintiffs,

vs.

CITY OF TUCUMCARI,
By and through its MAYOR
ROBERT LUMPKIN
AND
ITS POLICE OFFICERS
-    CHIEF JASON BRAZIEL
-    DEPUTY CHIEF, PETE
     RIVERA
-    SGT. PATRICIA LOPEZ
-    SGT. PAUL BELL
-    SGT. BRIAN HOLMES
-    OFFICER MICHAEL RAY
                           Defendants.          No. D-1010-CV-201600091
                                                Judge: Albert J. Mitchell, Jr.

## SUMMONS

City of Tucumcari Police Department
Chief Jason Braziel
206 East Center Street
Tucumcari, NM 88401

Respondent Greetings:

You are hereby directed to serve a pleading or motion in response to the Petition and Requests for Production within 45 days after service of the Summons, and file the same, all as provided by law.

You are notified that, unless you so serve and file a responsive pleading or motion, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

Attorney for Plaintiff:    Queener Law Firm, P.C. (Richard L. Queener)
                           1304 Pile
                           Clovis, NM  88101

        WITNESS the Honorable District Judge Albert J. Mitchell, Jr. of said Court of the State of New Mexico and the Seal of the District Court of said County, this 31st day of September, 2016,- August, 2016.

                                        Marion Payton
(SEAL)                         CLERK OF THE DISTRICT COURT

                           By:  _____
                                   DEPUTY

NOTE: This summ...                    telephone or write to the District Judge of the Court at this time.
It does require you...                 egal defense to this case in writing with the Clerk of the District
Court within 45 da...                  served on you. If you do not do this, the party suing may get a
Court Judgment by...

STATE OF NEW MEXICO
COUNTY OF QUAY
TENTH JUDICIAL DISTRICT COURT

MAGGIE VENTURES, L.L.C.,
A NEVADA LIMITED LIABILITY
COMPANY,

                      Plaintiffs,

vs.

CITY OF TUCUMCARI,
By and through its MAYOR
ROBERT LUMPKIN
AND
ITS POLICE OFFICERS
-    CHIEF JASON BRAZIEL
-    DEPUTY CHIEF, PETE
     RIVERA
- .  SGT. PATRICIA LOPEZ
-    SGT. PAUL BELL
-    SGT. BRIAN HOLMES
-    OFFICER MICHAEL RAY
                 Defendants.      No. D-1010-CV-201600091
                                       Judge: Albert J. Mitchell, Jr.

## SUMMONS

City of Tucumcari Police Department
Deputy Chief Pete Rivera
206 East Center Street
Tucumcari, NM 88401

Respondent Greetings:

You are hereby directed to serve a pleading or motion in response to the Petition and Requests for Production within 45 days after service of the Summons, and file the same, all as provided by law.

You are notified that, unless you so serve and file a responsive pleading or motion, the Plaintiff will apply to the Court for the relief demanded in the Complaint.
Attorney for Plaintiff:    Queener Law Firm, P.C. (Richard L. Queener)
                           1304 Pile
                           Clovis, NM  88101

      **WITNESS** the Honorable District Judge Albert J. Mitchell, Jr. of said Court of the State of New Mexico and the Seal of the District Court of said County, this 31st day of ~~September, 2016.~~ August, 2016.

( S E A L )                                 Marion Payton
                                      CLERK OF THE DISTRICT COURT
                                By:
                                DEPUTY

NOTE: This ...              o see, telephone or write to the District Judge of the Court at this time.
It does requi...            our legal defense to this case in writing with the Clerk of the District
Court within...            egally served on you. If you do not do this, the party suing may get a
Court Judgme...

STATE OF NEW MEXICO
COUNTY OF QUAY
TENTH JUDICIAL DISTRICT COURT

MAGGIE VENTURES, L.L.C.,
A NEVADA LIMITED LIABILITY
COMPANY,

Plaintiffs,

vs.

CITY OF TUCUMCARI,
By and through its MAYOR
ROBERT LUMPKIN
AND
ITS POLICE OFFICERS
- CHIEF JASON BRAZIEL
- DEPUTY CHIEF, PETE RIVERA
- SGT. PATRICIA LOPEZ
- SGT. PAUL BELL
- SGT. BRIAN HOLMES
- OFFICER MICHAEL RAY

Defendants.

No. D-1010-CV-201600091
Judge: Albert J. Mitchell, Jr.

## SUMMONS

City of Tucumcari Police Department
Officer Michael Ray
206 East Center Street
Tucumcari, NM 88401

Respondent Greetings:

You are hereby directed to serve a pleading or motion in response to the Petition and Requests for Production within 45 days after service of the Summons, and file the same, all as provided by law.

You are notified that, unless you so serve and file a responsive pleading or motion, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

Attorney for Plaintiff:     Queener Law Firm, P.C. (Richard L. Queener)
                            1304 Pile
                            Clovis, NM  88101

WITNESS the Honorable District Judge Albert J. Mitchell, Jr. of said Court of the State of New Mexico and the Seal of the District Court of said County, this 31st day of September, 2016. August, 2016.

Marion Payton

(SEAL)

CLERK OF THE DISTRICT COURT

By: _____
DEPUTY

NOTE: This su___ ___ see, telephone or write to the District Judge of the Court at this time.
It does require ___ ___r legal defense to this case in writing with the Clerk of the District
Court within 4: ___ ___ally served on you. If you do not do this, the party suing may get a
Court Judgmen: ___

STATE OF NEW MEXICO
COUNTY OF QUAY
TENTH JUDICIAL DISTRICT COURT

MAGGIE VENTURES, L.L.C.,
A NEVADA LIMITED LIABILITY
COMPANY,
                                        Plaintiffs,
vs.

CITY OF TUCUMCARI,
By and through its MAYOR
ROBERT LUMPKIN
AND
ITS POLICE OFFICERS
  -   CHIEF JASON BRAZIEL
  -   DEPUTY CHIEF, PETE
      RIVERA
  -   SGT. PATRICIA LOPEZ
  -   SGT. PAUL BELL
  -   SGT. BRIAN HOLMES
  -   OFFICER MICHAEL RAY
                            Defendants.        No. D-1010-CV-201600091
                                               Judge: Albert J. Mitchell, Jr.

                              **SUMMONS**

City of Tucumcari Police Department
Sgt. Brian Holmes
206 East Center Street
Tucumcari, NM 88401

Respondent Greetings:

You are hereby directed to serve a pleading or motion in response to the Petition and Requests for Production within 45 days after service of the Summons, and file the same, all as provided by law.

You are notified that, unless you so serve and file a responsive pleading or motion, the Plaintiff will apply to the Court for the relief demanded in the Complaint.
Attorney for Plaintiff:   Queener Law Firm, P.C. (Richard L. Queener)
                          1304 Pile
                          Clovis, NM 88101

     **WITNESS** the Honorable District Judge Albert J. Mitchell, Jr. of said Court of the State of New Mexico and the Seal of the District Court of said County, this _31st_ day of September, 2016. August, 2016.

                                          Marion Payton
(SEAL)
                                          CLERK OF THE DISTRICT COURT
                              By: _____
                                       DEPUTY

NOTE: This ... o see, telephone or write to the District Judge of the Court at this time.
It does requi... our legal defense to this case in writing with the Clerk of the District
Court within ... egally served on you. If you do not do this, the party suing may get a
Court Judgm...

STATE OF NEW MEXICO
COUNTY OF QUAY
TENTH JUDICIAL DISTRICT COURT

MAGGIE VENTURES, L.L.C.,
A NEVADA LIMITED LIABILITY
COMPANY,

                             Plaintiffs,

vs.

CITY OF TUCUMCARI,
By and through its MAYOR
ROBERT LUMPKIN
AND
ITS POLICE OFFICERS
-   CHIEF JASON BRAZIEL
-   DEPUTY CHIEF, PETE
    RIVERA
-   SGT. PATRICIA LOPEZ
-   SGT. PAUL BELL
-   SGT. BRIAN HOLMES
-   OFFICER MICHAEL RAY
                    Defendants.

No. D-1010-CV-201600091
Judge: Albert J. Mitchell, Jr.

## SUMMONS

City of Tucumcari Police Department
Sgt. Patricia Lopez
206 East Center Street
Tucumcari, NM 88401

Respondent Greetings:

You are hereby directed to serve a pleading or motion in response to the Petition and Requests for Production within 45 days after service of the Summons, and file the same, all as provided by law.

You are notified that, unless you so serve and file a responsive pleading or motion, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

Attorney for Plaintiff:   Queener Law Firm, P.C. (Richard L. Queener)
                        1304 Pile
                        Clovis, NM 88101

      WITNESS the Honorable District Judge Albert J. Mitchell, Jr. of said Court of the State of New Mexico and the Seal of the District Court of said County, this __31st__ day of ~~September, 2016.~~ August, 2016.

(SEAL)

                                  Marion Payton
                           CLERK OF THE DISTRICT COURT

                    By:               
                         DEPUTY

NOTE: This sum... ...:e, telephone or write to the District Judge of the Court at this time. It does require y... ... legal defense to this case in writing with the Clerk of the District Court within 45... ...lly served on you. If you do not do this, the party suing may get a Court Judgment ...

STATE OF NEW MEXICO
COUNTY OF QUAY
TENTH JUDICIAL DISTRICT COURT

MAGGIE VENTURES, L.L.C.,
A NEVADA LIMITED LIABILITY
COMPANY,

                         Plaintiffs,

vs.

CITY OF TUCUMCARI,
By and through its MAYOR
ROBERT LUMPKIN
AND
ITS POLICE OFFICERS
-   CHIEF JASON BRAZIEL
-   DEPUTY CHIEF, PETE
    RIVERA
-   SGT. PATRICIA LOPEZ
-   SGT. PAUL BELL
-   SGT. BRIAN HOLMES
-   OFFICER MICHAEL RAY
                   Defendants.

No. D-1010-CV-201600091
Judge: Albert J. Mitchell, Jr.

## SUMMONS

Sgt. Paul Bell
702 W. Mesquite Avenue
Tucumcari, NM 88401

Respondent Greetings:

You are hereby directed to serve a pleading or motion in response to the Petition and Requests for Production within 45 days after service of the Summons, and file the same, all as provided by law.

You are notified that, unless you so serve and file a responsive pleading or motion, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

Attorney for Plaintiff:   Queener Law Firm, P.C. (Richard L. Queener)
                         1304 Pile
                         Clovis, NM 88101

     WITNESS the Honorable District Judge Albert J. Mitchell, Jr. of said Court of the State of New Mexico and the Seal of the District Court of said County, this __31st__ day of September, 2016. August, 2016.

(S E A L)

                                 Marion Payton
                        CLERK OF THE DISTRICT COURT

                    By:
                        DEPUTY

NOTE: This su...       see, telephone or write to the District Judge of the Court at this time.
It does require        ur legal defense to this case in writing with the Clerk of the District
Court within 4:        ally served on you. If you do not do this, the party suing may get a
Court Judgmen...

STATE OF NEW MEXICO
COUNTY OF QUAY
TENTH JUDICIAL DISTRICT COURT

MAGGIE VENTURES, L.L.C.,
A NEVADA LIMITED LIABILITY
COMPANY,

                                    Plaintiffs,

vs.

CITY OF TUCUMCARI,
By and through its MAYOR
ROBERT LUMPKIN
AND
ITS POLICE OFFICERS
-   CHIEF JASON BRAZIEL
-   DEPUTY CHIEF, PETE
    RIVERA
-   SGT. PATRICIA LOPEZ
-   SGT. PAUL BELL
-   SGT. BRIAN HOLMES
-   OFFICER MICHAEL RAY
                          Defendants.

No. D-1010-CV-201600091
Judge: Albert J. Mitchell, Jr.

## SUMMONS

City of Tucumcari
Angelica Gray, City Clerk
215 East Center Street
Tucumcari, NM 88401

Respondent Greetings:

You are hereby directed to serve a pleading or motion in response to the Petition and Requests for Production within 45 days after service of the Summons, and file the same, all as provided by law.

You are notified that, unless you so serve and file a responsive pleading or motion, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

Attorney for Plaintiff:     Queener Law Firm, P.C. (Richard L. Queener)
                                1304 Pile
                                Clovis, NM 88101

      WITNESS the Honorable District Judge Albert J. Mitchell, Jr. of said Court of the State of New Mexico and the Seal of the District Court of said County, this 31st day of September, 2016, August, 2016.

(SEAL)

Marion Payton
CLERK OF THE DISTRICT COURT

By: _____
DEPUTY

NOTE: Thi[...] [...]to see, telephone or write to the District Judge of the Court at this time.
It does req[...] [...]your legal defense to this case in writing with the Clerk of the District
Court withi[...] [...]legally served on you. If you do not do this, the party suing may get a
Court Judg[...]